Case 4:12-cv-00438-A Document 20 Filed 09/15/12 Page 1 of 9 PageID 197

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2012
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT RICHARD TAYLOR II, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-438-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
and
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Richard Taylor II, a state prisoner currently incarcerated in Tennessee Colony, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed for lack of subject matter jurisdiction, in part, and denied, in part.

I. Factual and Procedural History

On September 22, 2008, pursuant to plea agreements, petitioner pleaded guilty in the Criminal District Court Number

Three of Tarrant County, Texas, to two instances of possession with intent to promote child pornography in cause nos. 1060255 and 1066510 and two instances of possession of child pornography in cause nos. 1066508 and 1066509. (03State Habeas R. at 22; 04State Habeas R. at 25; 05State Habeas R. at 25; 06State Habeas R. at 23[1]) Petitioner did not directly appeal his convictions or sentences. Petitioner continues to serve his two 10-year and two 15-year sentences concurrently.

Petitioner has filed three sets of state habeas applications challenging his convictions. The first set was filed on November

---

[1]"02State Habeas R." refers to the state court record of petitioner's state habeas application no. WR-69,748-02; "03State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-03; "04State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-04; "05State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-05; "06State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-06; "07State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-07; "08State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-08; "09State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-09; "10State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-10; "11State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-11; "12State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-12; "13State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-13; "14State Habeas R." refers to the state court record of his state habeas application no. WR-69,748-14.

13, 2008, and denied without written order by the Texas Court of Criminal Appeals on January 21, 2009. (03State Habeas R. — 06State Habeas R. at covers)  The second set was filed on March 5, 2009, and dismissed as successive under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c) by the Texas Court of Criminal Appeals on April 29, 2009. (07State Habeas R. — 10State Habeas R. at covers)  The third set was filed on February 24, 2011, and also dismissed under article 11.07, § 4(a)-(c) as successive on April 20, 2011. (11State Habeas R. — 14State Habeas R. at covers)

Petitioner has also filed two prior federal habeas petitions under § 2254 challenging the same 2008 convictions in this court. The first petition was filed on February 2, 2009,[2] and denied on February 4, 2010. *Taylor v. Thaler*, Civil Action No. 4:09-CV-089-A.  The second petition was filed May 24, 2010, and dismissed on November 2, 2010, as a successive petition as to the claims challenging the 2008 convictions. *Taylor v. Thaler*, Civil Action

---

[2] A pro se habeas petition filed by an inmate is deemed filed when the petition is placed in the prison mail system for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

No. 4:10-CV-277-Y.[3]  This third petition was filed on June 19, 2012. Respondent has filed a motion to dismiss the petition in its entirety on limitations grounds. (Resp't MTD at 5-11)

## II. Grounds

Petitioner raises the following grounds for relief:

(1) Actual innocence;
(2) Judicial bias;
(3) Prosecutorial vindictiveness;
(4) Ineffective assistance of trial counsel; and
(5) Retaliation.

(Pet. at 3-4; Pet'r Mem. in Support at 3-24)

## III. Grounds (1) through (4)

Petitioner asserts that he brought this petition under § 2241, not § 2254, and thus procedural defenses, such as the federal statute of limitations, do not apply. (Pet'r Traverse at 1-2) However, a prisoner may not utilize § 2241 merely to avoid various statutory restrictions applicable to § 2254 actions. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000); *Jimenez v. Director,* No. 9:08-CV-214, 2009 WL 152714 (E.D.Tex. Jan. 21, 2009); *Williams v. O'Brien,* No. 4:06-CV-834-Y, 2007 WL 60487, at *1 (N.D.Tex. Jan. 5, 2007); *Smithback v. Quarterman,* No. 3:06-CV-1419-P, 2006 WL 3208459, at *3 (N.D.Tex. Nov. 7, 2006); *Gaines v.*

---

[3]In Civil Action No. 4:10-CR-277-Y, petitioner also challenged a prison disciplinary proceeding.

4

*Dretke*, No. 3:04-CV-1185-D, 2005 WL 1540192, at *1-2 (N.D.Tex. June 30, 2005); *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003). Because petitioner challenges the validity of his state court convictions in grounds (1) through (4), the petition is properly characterized as a § 2254 petition as to those claims.

Having so found, 28 U.S.C. § 2244(b) requires dismissal of a second or successive § 2254 petition filed by, or on behalf of, a state prisoner unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2). A petition is successive when it raises a claim or claims challenging the petitioner's conviction or sentence that were or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997).

In grounds (2) through (4), alleging judicial bias, prosecutorial vindictiveness, and ineffective assistance of trial counsel, petitioner raises the same or similar claims previously raised in his prior federal petitions.[4]

---

[4]The court takes judicial notice of the records in petitioner's prior federal habeas proceedings, as it is entitled

5

In ground (1), petitioner claims he is actually innocent of the charges and has only recently been made aware of certain "undiscovered evidence," notwithstanding his numerous and repeated requests for records relevant to his cases from a variety of sources. (Pet'r Mem. in Support at 3-5) Specifically, petitioner states he recently became aware of the final report of the computer forensic expert hired by the defense in which the expert found no evidence of illegal images on the computer seized from petitioner's bedroom. Petitioner was aware of or could have discovered this fact, however, before or during trial with due diligence. 28 U.S.C. § 2244(b)(2)(B)(I).

Because petitioner's grounds (1) through (4) were or could have been raised in an earlier petition, this petition is successive as to those grounds. Petitioner has not demonstrated that he has obtained leave to file this petition as to grounds (1) through (4) from the Fifth Circuit Court of Appeals. Thus, this court is without jurisdiction to consider the petition as to those claims. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

---

to do.

## IV. Retaliation

In ground (5), petitioner claims he is being retaliated against by prison officials "by overt harassment, improper treatment, theft of property, illegal transfer, . . . placing him in a gang 'hit list' [and charging him with a disciplinary violation] all due to his participation in the grievance process and insisting on his right of access to the courts." (Pet. at 4) Respondent asserts the claim is barred by the federal one-year statute of limitations. (Resp't MTD at 5-11) 28 U.S.C. § 2244(d).

Although § 2254 governs any challenge to petitioner's state convictions, as a general rule, a claim of retaliation is not a basis for habeas corpus relief, but rather can form the basis for a claim under 42 U.S.C. § 1983. *Carson v. Director, TDCJ-CID*, No. 6:11-CV-522, 2012 WL 1644106, at *7 (N.D.Tex. Mar. 5, 2012). Even were petitioner's claim actionable under § 2241, he has failed to show that it entitles him to habeas relief. *Mohwish v. Yusuff*, 209 F.3d 718, 2000 WL 283164, at *1 (5th Cir. Feb. 1, 2000).

Claims of retaliation in the context of habeas corpus review are approached with scepticism. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). To prevail on such a claim, an inmate must

7

produce direct evidence of retaliation or, the more probable scenario, a chronology of events from which retaliation may plausibly be inferred. *Id.* The relevant showing must be more than the prisoner's personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Despite petitioner's allegations of retaliation, he provides no evidence to support his claims, and the record reveals none. His claims simply consist of his version of events surrounding his transfer from a minimum security medical unit to a maximum security unit, mere allegations of a "shakedown" of his housing area, theft and destruction of his legal papers, and placement of a "gang tag" on him, and an assumption that the disciplinary case was in retaliation for filing grievances. (Pet'r Mem. in Support at 21) Because petitioner's claims are conclusory, lacking any evidentiary basis, he is not entitled to relief. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

For the reasons discussed herein,

The court ORDERS respondent's motion to dismiss on limitations grounds be, and is hereby, denied. The court further ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as

successive as to grounds (1) through (4) and denied as to ground (5).

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated he has been authorized by the Fifth Circuit to file a successive petition as to grounds (1) through (4) nor has he made a substantial showing of the denial of a constitutional right.

SIGNED September  15 , 2012.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE